**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

| | |
|---|---|
| **DAVID BOWEN,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) **CIVIL ACTION FILE NO.** |
| **v.** | ) |
| | ) ___1:16-CV-91___ |
| **NANCEMEDE PLANTATION, INC.;** | ) |
| **ESTATE OF LISBETH A. FOGG** | ) |
| | ) |
| | ) **JURY TRIAL DEMANDED** |
| **Defendants.** | ) |
| | ) |

## COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

COMES NOW, DAVID BOWEN ("Plaintiff" or "Mr. Bowen") and files this Complaint for Damages and Injunctive Relief under the Fair Labor Standards Act and other applicable laws, showing as follows:

## PLAINTIFF

1. Plaintiff David Bowen has been employed or jointly employed by Defendants from 1999 through December 31, 2015. Mr. Bowen resides within the Middle District of Georgia.

2. Plaintiff David Bowen was employed full time beginning August 2000 and, along with other employees, engaged in interstate commerce, producing goods for interstate commerce, or handling, selling, or otherwise working on goods or materials that have been moved in or produced for such commerce by others. Plaintiff and other employees regularly used equipment, tools and other materials which had been moved in interstate

commerce in completing their job duties.

## DEFENDANTS

3.      Defendant Nancemede Plantation, Inc. (hereinafter "Nancemede") is a Georgia corporation engaged in agriculture. Defendant has a principal office at 5505 River Road, Camilla, Georgia 31730-5813.  Defendant may be served with process through its registered agent, chief financial officer, secretary and chief executive officer George Floyd, at that same address.

4.      Defendant Nancemede earned gross revenue of more than $500,000 in each of the past three fiscal years. Defendant Nancemede is an enterprise engaged in commerce for purposes of the FLSA.

5.      Defendant Nancemede was an employer within the meaning of the FLSA at all relevant times.

6.      Defendant Estate of Lisbeth Fogg ("Ms. Fogg") is the estate of Lisbeth Fogg, deceased. Ms. Fogg's Estate may be served with process through its executor, George Floyd.

7.      Upon information and belief, Ms. Fogg earned gross revenue of more than $500,000 in each of the past three fiscal years. Defendant Ms. Fogg is an enterprise engaged in commerce for purposes of the FLSA.

8.      Upon information and belief, Ms. Fogg and Nancemede maintained joint payroll and timekeeping records, and jointly controlled the activities of Plaintiff and other similarly situated employees at times.

9.      Ms. Fogg exercised control over the payroll practices and payment of wages of Defendant Nancemede, including the refusal to pay overtime.

10.     Defendant Ms. Fogg was an employer within the meaning of the FLSA at all relevant times.

## JURISDICTION AND VENUE

11.     Jurisdiction is proper in this Court pursuant to 28 USC § 1331, 28 USC § 1337, 28 USC §1367, and 28 USC § 2201.

12.     Venue is proper in this Court under 28 USC § 1391(b). Defendants reside in this district. In addition, the events giving rise to the claim occurred in this district.

## ALLEGATIONS

13.     Plaintiff regularly worked overtime hours in excess of 40 hours per week.

14.     Plaintiff was paid straight time for all hours worked.

15.     Plaintiff performed security guard services at Nancemede.

16.     Plaintiff was not subject to any exemption or exception under FLSA.

17.     Defendants jointly maintained hourly time records for Plaintiff and treated him as an hourly employee.

18.     During the relevant time Plaintiff worked more than 40 hours per week.

19      During the relevant time, Plaintiff regularly worked more than 40 hours under the supervision of Defendants.

20.     At all relevant times, Defendants were aware that Plaintiff was working overtime hours without proper compensation.

21.     Defendants failed to pay Plaintiff overtime compensation at one and one-half times the regular rate for all hours worked over forty (40) in a week.

22.     Defendants failure to pay Plaintiff the proper wages required by law was willful within the meaning of FLSA.

## COUNT I

## VIOLATION OF FAIR LABOR STANDARDS ACT: FAILURE TO PAY

## OVERTIME WAGES

23.     The allegations set forth in the preceding paragraphs are hereby incorporated by reference as though fully set forth herein.

24.     Defendants failed to pay overtime wages to Plaintiff is in violation of the FLSA, 29 U.S.C. §207.

25.     Defendants' failure to pay overtime wages was willful within the meaning of the FLSA, 29 U.S.C. §255(a).

26.     Defendants' failure to comply with the requirements of the FLSA caused damages to Plaintiff.

## COUNT II

## CLAIM FOR ATTORNEYS FEES

27.     The allegations set forth in the preceding paragraphs are hereby incorporated by reference as though fully set forth herein.

28.     Plaintiff is entitled to payment of reasonable attorneys' fees, costs and expenses under FLSA (29 U.S.C. §216) and under other applicable law.


WHEREFORE, Plaintiff requests that this Court:

1.     Provide for issuance of summons naming all Defendants herein;

2.     Declare that Defendants violated the Fair Labor Standards Act;

3.     Declare that Defendants' violations of the FLSA were willful;

4.     Grant judgment to Plaintiff for claims for overtime wages;

5.      Grant judgment to Plaintiff for liquidated damages;

6.      Enter an Order enjoining further FLSA violations by Defendants through failure to pay

overtime premiums;

7.      Award Plaintiff costs and reasonable attorney's fees incurred in bringing this action;

8.      Grant Plaintiff a trial by jury on all issues so triable;

        And

9.      Grant such further relief as the Court finds proper.

Respectfully submitted this _____day of May, 2016.


                                FLYNN PEELER & PHILLIPS, LLC

                        By:     **s/Charles E. Peeler**
                                Charles E. Peeler
                                Georgia State Bar No. 570399
                                Attorney for Plaintiff
                                Post Office Box 7 (31702)
                                517 West Broad Avenue
                                Albany, Georgia 31701
                                (229) 446-4886
                                cpeeler@fpplaw.com


                                HOWELL LAW FIRM

                                **s/Robert D. Howell**
                                Robert D. Howell
                                Georgia Bar No. 372598
                                Box 100
                                Moultrie, Georgia 31776
                                Tel:  229-985-5300
                                Fax: 229-891-3378
                                robert.howell@southgalaw.com